IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:09CR-91 |
| | § | |
| JOSEPH BOB BROUSSARD | § | |

### REPORT AND RECOMMENDATION ON PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed September 7, 2012, alleging that the Defendant, Joseph Bob Broussard, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on May 10, 2010, before the Honorable Thad Heartfield, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of possession of a firearm by a felon, a Class C felony. This offense carries a statutory maximum imprisonment term of not more than 10 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of IV, was 21 to 27 months. The Defendant was sentenced to 21 months' imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include: financial disclosure, drug treatment and testing; and a $100 special assessment.

## II. The Period of Supervision

The Defendant completed his period of imprisonment on August 26, 2011, and began his term of supervised release.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on September 7, 2012, alleging five violations: 1) in violation of his mandatory condition that he not commit another federal, state, or local crime, the Defendant was arrested by the Port Arthur Police Department for: driving while intoxicated on April 5, 2012; evading arrest on July 17, 2012; and evading arrest, criminal trespass, and possession of a controlled substance on August 13, 2012; 2) the Defendant failed to submit several written monthly reports in violation of a standard condition; 3) the Defendant failed to secure full time employment since April 2012, which violated a standard condition that he work regularly at a lawful occupation; 4) the Defendant failed to report and submit random urine specimens on numerous occasions and also failed to attend several counseling sessions in violation of his special condition that he participate in a program of testing and treatment for drug abuse; and 5) the Defendant failed to pay any amount of his special assessment violating a standard condition that he pay a $100 special assessment.

## IV. Proceedings

On September 24, 2012, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the fourth allegation, which asserted that he violated a special condition of supervised release, to wit: "The Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the Defendant is released from the program by the probation officer."

The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of nine (9) months' imprisonment in addition to 63 days of imprisonment for unserved home detention with no term of supervised release to be imposed after release.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). According to 18 U.S.C. § 3583(g)(3), if a defendant refuses to comply with drug testing imposed as a condition of supervised release, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3). The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by failing to successfully complete a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. In the case of revocation of supervised release based on a Grade C violation and a criminal history category of IV, the guideline imprisonment range is 6 to 12 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment is at least one month but not more than six months, the minimum term may be satisfied by: (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. The Defendant has 63 days of unserved home detention.

According to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of

imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by failing to successfully complete a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is IV. Policy guidelines suggest 6 to 12 months' imprisonment. The Defendant repeatedly did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision by failing to successfully complete a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office.

As such, incarceration appropriately address the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of nine (9) months' imprisonment in addition to 63 days of imprisonment for unserved home detention.

### VII. Recommendations

1. The court should find that the Defendant violated a special condition of supervised release by failing to successfully complete a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of imprisonment of nine (9) months with no supervised release to follow. Such sentence is in addition to the 63 days of imprisonment for the Defendant's unserved home detention.

4. The court should recommend that the Defendant be incarcerated in the Beaumont Federal Correctional Institution of the Federal Bureau of Prisons if deemed appropriate by the Bureau of Prisons.

### VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and

recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 24th day of September, 2012.

_____
Zack Hawthorn
United States Magistrate Judge